**FILED**
**DECEMBER 9, 2025**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Dependency of | ) | No. 40225-8-III |
| | ) | |
| C.S., | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

STAAB, J. — The father of C.S. appeals the juvenile court's finding that Indian child[1] C.S. is dependent. He argues the court erred by failing to apply the Indian Child Welfare Act (ICWA)[2] and Washington State Indian Child Welfare Act (WICWA)[3] standards, which require the Department of Children, Youth, and Family (Department) to make active efforts designed to prevent the breakup of an Indian family. The Department

---

[1] This opinion uses the terms "Indian child" and "Indian family" as defined by statutory language. No disrespect is intended.

[2] 25 U.S.C. §§ 1901-1963.

[3] Chapter 13.38 RCW.

agrees. We agree with the parties, we reverse the order of dependency and remand for further proceedings.

## BACKGROUND

C.S. was born in January 2023 and immediately removed from his mother's care because of her history with the Department. The Department filed a dependency petition as to both C.S.'s mother (Mother) and father (Father). In the dependency petition, the Department indicated it had reason to know C.S. was or might be an Indian child: "Mother of alleged father is enrolled Cherokee while stating that [the Father] is eligible for enrollment, so it is is [sic] still not determined if the child may potentially be a member of the Cherokee Nation." Clerk's Papers (CP) at 2.

The court held a shelter care hearing. Based on testimony, the court found that C.S. could be a member of the Sioux, Blackfoot, and/or Cherokee tribes. The shelter care hearing order reflected the court's acknowledgment that C.S. may be an Indian child because his paternal grandmother was an enrolled member of the Cherokee Nation.

The dependency hearing began in October 2023. The Father testified he was in the process of enrollment with the Cherokee Nation and C.S. was also eligible for membership. The Mother indicated her belief to "have Cherokee and Black Sioux and Black or Cherokee, Sioux and Black Foot" although she "never actually looked into it" and was not an enrolled member. CP at 222.

2

The paternal grandmother testified that she was a member of the Cherokee Nation, enrolled since 2011. She explained the Father was eligible for membership and in the final phases of being formally enrolled.

One month later, testimony resumed. The Father confirmed his enrollment in the Cherokee Nation was still being processed and he had submitted all the requisite materials. He further expressed he had no doubt that C.S. would be subsequently enrolled.

Following the hearing, the court found C.S. dependent as to both parents. The court also found there was *not* reason to know C.S. was an Indian child:

> The child's paternal grandmother testified that she is an enrolled member of the Cherokee nation, and the child's father is working on enrolling himself, but has not completed this process. Father "believes" that he will eventually become an enrolled member of the Cherokee nation, and "believes" that the minor child will then become an enrolled member of the Cherokee Nation as well. Notwithstanding his belief, there was no evidence submitted into the record on this subject beyond Father's suppositions. There is also no evidence on the record as to whether the child can become an enrolled member even if his father does become an enrolled member. At this juncture, it is not possible to conclude that the minor child is an Indian child as defined by federal and state law.

CP at 708.[4] Concluding that ICWA and WICWA did not apply, the court made no finding as to whether the Department made active efforts.

---

[4] During the pendency of this appeal, the trial court made findings in an interim review hearing that the Father had become an enrolled member of the Cherokee Nation and that C.S. was considered an "ICWA child." CP at 923.

No. 40225-8-III
*In re Dependency of C.S.*

The Father appealed.  Following our supreme court's decision in *In re Matter of Dependency of C.J.J.I.*[5] during the pendency of this appeal, the Father and the Department submitted a joint motion requesting we reverse and remand for further proceedings.

ANALYSIS

The Father contends the trial court erred by finding Indian child C.S. dependent because it failed to apply ICWA and WICWA standards that require the Department to make active efforts to prevent the breakup of an Indian family.  The Department joins the Father's motion requesting we reverse and remand for further proceedings.  We agree with the parties.

The ICWA and WICWA govern involuntary child custody proceedings of an Indian child.  RCW 13.38.020, .040; 25 C.F.R. § 23.103.  The applicability of ICWA and WICWA to a dependency proceeding is a question of law reviewed de novo.  *In re Dependency of Z.J.G.*, 196 Wn.2d 152, 162, 471 P.3d 853 (2020).

An "Indian child" is an unmarried minor who is either a member of an Indian tribe or eligible for membership as the biological child of a member of an Indian tribe.  25 U.S.C. § 1903(4); RCW 13.38.040(7).  The court must apply ICWA and WICWA if it has "reason to know" the child "is or may be an Indian child."  *Z.J.G.*, 196 Wn.2d at

---

[5] 5 Wn.3d 266, 574 P.3d 556 (2025).

174. If "any participant in the proceeding indicates that the child has tribal heritage," the court has reason to know the child is or may be an Indian child. *Id.* at 158, 175; *see* 25 C.F.R. § 23.107.

Before the court can find an Indian child dependent, ICWA and WICWA require the Department to prove "that 'active efforts' were made to prevent the breakup of the Indian family and that such efforts proved to be unsuccessful." *Dependency of C.J.J.I.*, 574 P.3d 556 at 558 (quoting 25 U.S.C. § 1912(d); RCW 13.38.130(1)).

"[A] juvenile court must find that the Department made 'active efforts' when entering an order of dependency for children placed outside of their home. Failure to make such findings results in the vacation of the court's dependency order and any subsequent dispositional order and results in the immediate return of the child to their parent or Indian custodian unless doing so would subject the child to immediate danger or threat of such danger." *Id.* at 559.

Here, multiple participants in the proceedings indicated C.S. had tribal heritage. First, the Department indicated in the initial dependency petition that there was reason to know C.S. was an Indian child. Second, the court found that C.S. could be a member of the Sioux, Blackfoot, and/or Cherokee tribes based on the parents' testimony at the shelter care hearing. Finally, testimony from the Father and paternal grandmother at the dependency hearing evidenced C.S.'s eligibility for membership in the Cherokee Nation.

The paternal grandmother was an enrolled member of the Cherokee Nation since 2011, and the Father was in the final phases of the enrollment process.

As such, the court had reason to know C.S. was or might be an Indian child. Thus, it was error for the court to find it could not conclude C.S. was an Indian child under the legislative definitions. Because C.S. was an Indian child, the court was required to apply ICWA and WICWA and find the Department made active efforts and those efforts were unsuccessful. The court failed to do so here. Because the court failed to make findings that the Department made active efforts, the dependency and disposition orders must be vacated. *See C.J.J.I*, 574 P.3d at 559. Additionally, C.S. must be immediately returned to the Father unless the court on remand finds C.S. would be subject to immediate danger.

The Father provides additional argument challenging the merits of whether the Department made reasonable, let alone active, efforts. He also contends the Department failed to prove by clear, cogent, and convincing evidence that the continued custody of the child by the Father would subject the child to a substantial and immediate danger or threat of such danger. Indeed, both issues are important requirements under ICWA and WICWA. However, we do not need to reach them. The court was required to make a

No. 40225-8-III
*In re Dependency of C.S.*

finding of active efforts before it could find dependency; its failure to do so necessitates vacation of the order.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Cooney, J.

7